```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHRISTOPHER BROWN, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>STATE FARM INSURANCE COMPANY,<br>et al.,<br><br>           Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-2064 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Rachel B. Drake, Esq.
80 Main Street, Suite 450
West Orange, NJ 07052
     Attorney for Plaintiffs Christopher Brown and Felicia Brown

Charles M. Fisher, Esq.
WINDELS, MARX, LANE & MITTENDORF, LLP
104 Carnegie Center, Suite 201
Princeton, NJ 08540
     Attorney for Defendant State Farm Insurance Company

Erin Elizabeth Nulty, Esq.
CLARK & FOX
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
     Attorney for Defendant Colonial Claims Corporation

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

      This matter comes before the Court on motions to dismiss by

Defendant State Farm Insurance Company ("State Farm") [Docket

Item 23] and Defendant Colonial Claims Corporation ("Colonial")

[Docket Item 24]. Plaintiffs' claims in this action, arising

from damage to their home in Monmouth County, New Jersey caused by Hurricane Sandy, formed the basis of two nearly identical lawsuits by Plaintiffs against State Farm in the District of New Jersey. The other, earlier case, originally filed in the Superior Court of New Jersey, was removed by State Farm and docketed in the District of New Jersey as <u>Christopher Brown, et al. v. State Farm Fire and Casualty Company</u>, Civil No. 14-3375, and assigned to the Honorable William H. Walls in Newark. Having purportedly been dismissed with prejudice by stipulation between the parties, the Newark action is now closed.

In the instant motions, State Farm and Colonial each raise distinct arguments. State Farm contends that Plaintiffs' claims must be dismissed based on res judicata, failure to comply with the contractual limitations period, lack of privity of contract, and failure to comply with Rule 4(m), Fed. R. Civ. P. regarding timely service. Colonial seeks dismissal because Plaintiffs' claims are preempted by federal law.

The motions are decided without oral argument pursuant to Rule 78, Fed. R. Civ. P.[1]

For the reasons discussed below, the Court will grant both motions to dismiss.

---

[1] Scheduled dates for oral argument were cancelled on multiple occasions due to the unavailability or illness of Plaintiffs' counsel for an indefinite period.

## II.  BACKGROUND

### A. Factual background

The Court accepts as true the following facts from Plaintiffs' Complaint. [Docket Item 1.] Plaintiffs Christopher and Felicia Brown own real property located at 227 2nd Street, Keyport, New Jersey, which was their primary residence at all relevant times. (Compl. ¶ 20.) Defendant State Farm sold Plaintiffs a homeowners insurance policy and a flood insurance policy as part of a comprehensive package of insurance. (Id. ¶ 9.) Plaintiffs believe they purchased a flood insurance policy from State Farm as a third-party "Write Your Own" ("WYO") carrier for the Federal Emergency Management Agency ("FEMA") under the National Flood Insurance Program ("NFIP"). (Id. ¶¶ 9-11.) As such, Plaintiffs were the named insureds of a homeowners insurance policy (No. 30-CV-0372-1) commencing June 29, 2012 and expiring June 29, 2013 which provided coverage for wind damage. (Id. ¶ 15.) Plaintiffs also held a flood insurance policy (No. SF00475324) commencing June 17, 2012 and expiring June 17, 2013. (Id. ¶ 16.) Defendant Colonial is an insurance adjusting company that contracted with FEMA and State Farm to assist in processing insurance claims for damages resulting from Hurricane Sandy. (Id. ¶ 12.) Defendant CJ Hester Inc. allegedly subcontracted with Colonial to provide claim adjusting services. (Id. ¶ 24.)

3

On or around October 29, 2012, Hurricane Sandy made landfall in New Jersey and caused severe damage to Plaintiffs' property. (Id. ¶ 21.) The damage was caused by multiple concurrent conditions, including rising flood waters, driving rain, high force winds, wave action, power failures, and collisions with unsecured debris. (Id.) On November 19, 2012, the Borough of Keyport inspected Plaintiffs' property and declared it uninhabitable due to health and safety conditions. (Id. ¶ 23.) On or around January 4, 2013, Plaintiffs submitted a claim for damages exceeding $200,000. (Id. ¶ 26.) Paul Neier, an employee of CJ Hester, was assigned to Plaintiffs' claim. (Id. ¶ 25.) However, the claims filed by Neier with the other defendants only reported damages of $12,034.64. (Id. ¶ 26.) On or around January 15, 2013, Plaintiffs submitted claims directly to State Farm for damages caused by rain, wind, tides, and other concurrent causes, which State Farm denied with the exception of a $2,900 payment for roof damages. (Id. ¶¶ 27-28.) On or around April 5, 2013, Plaintiffs received a letter from FEMA denying that the damages claimed were caused by a covered peril. (Id. ¶ 29.) Plaintiffs filed a formal appeal of FEMA's findings on April 29, 2013. (Id. ¶ 30.)

Plaintiffs filed supplemental claims with FEMA through Mr. Neier of CJ Hester. (Id. ¶ 31.) While some of these claims were denied, others remain unresolved. (Id.) In addition, Plaintiffs

4

have tried to contact Neier regarding outstanding claims, but he has not responded. (Id. ¶ 32.)

Plaintiffs assert that Defendants have breached their contractual duties by failing to reimburse Plaintiffs for damage covered by their insurance policies and demand payment which they are due under the policies. (Id. ¶ 34.)

The Court also accepts as true the following facts supported by documents integral to or specifically referred to in the Complaint. See In re Rockefeller Ctr. Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiffs' homeowners policy provides that any suit against State Farm must commence within one year after the date of loss or damage:

> Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

(Reid Decl., Ex. A [Docket Item 23-7] at 14.) Regarding the flood policy, the declarations page of Plaintiffs' flood insurance policy makes clear that the policy was issued by FEMA, not State Farm. (Fisher Decl., Ex. S [Docket Item 23-5.])

    B.   Procedural background

On April 1, 2014, Plaintiffs initiated this action by filing a Complaint in the District of New Jersey against State Farm, FEMA Administrator William Craig Fugate, FEMA, Colonial,

and CJ Hester.[2] [Docket Item 1.] Plaintiffs assert claims for breach of contract against all defendants under federal common law. Plaintiffs also assert state law claims against State Farm for breach of contract and breach of a duty of good faith and fair dealing, and against Colonial and CJ Hester for breach of fiduciary duty. On May 22, 2014, this case became subject to the Hurricane Sandy Case Management Order ("HSCMO"). [Docket Item 5.] Pursuant to the HSCMO, FEMA and William Craig Fugate were automatically terminated because Plaintiffs alleged that the flood insurance policy was a Write-Your-Own ("WYO") policy issued by State Farm, and the HSCMO provided that FEMA and its officers or directors are automatically dismissed from any WYO action, subject to plaintiff's right to seek to reinstate such claims within thirty (30) days of the entry of the HSCMO. See HSCMO ¶ 3(b) [Docket Item 5].

By letter dated August 28, 2014, counsel for State Farm noted that Plaintiffs maintained two pending lawsuits in the District of New Jersey asserting the same exact claim against State Farm. [Docket Item 13.] The other, Civil No. 14-3375, arose from a complaint filed in the Superior Court of New Jersey on April 17, 2014, which State Farm timely removed to federal court. On September 4, 2014, Magistrate Judge Schneider directed

---

[2] Plaintiffs also assert claims against fictitious individual and corporate defendants.

Plaintiffs' counsel in the instant action, Rachel B. Drake, Esq., to respond to State Farm's letter. However, the next day, September 5, 2014, before the Court received any response from Ms. Drake, counsel for State Farm filed a stipulation of dismissal with prejudice in Civ. No. 14-3375 signed by counsel for State Farm, Charles M. Fisher, Esq. and Antonio J. Smith, Esq. of Speights & Worrich, LLP.[3] (Civ. No. 14-3375, Docket Item 11.)

On September 15, 2014, Judge Schneider entered a letter order notifying the parties that all current scheduling deadlines in Civ. No. 14-2064 remained in place, "even if State Farm[] files a Motion to Dismiss." [Docket Item 15.] Ultimately, Judge Schneider directed Defendants to respond to Plaintiffs' Complaint by October 21, 2014, if they had not done so already.[4] [Docket Item 22.] On October 21, 2014, State Farm and Colonial filed their respective motions to dismiss which are currently before the Court. [Docket Items 23 & 24.] Plaintiffs filed

---

[3] Soon thereafter, on September 9, 2014, Judge Walls entered an order dismissing Civ. No. 14-3375 without prejudice to re-open the action within 60 days if the settlement has not been consummated. (Civ. No. 14-3375, Docket Item 12.)

[4] Defendant CJ Hester filed an Answer to Plaintiffs' Complaint on May 22, 2014. [Docket Item 4.] By stipulation entered November 18, 2014, Plaintiffs dismissed without prejudice their claims against CJ Hester. [Docket Item 32.] By stipulation entered November 21, 2014, all cross-claims asserted by CJ Hester against State Farm were dismissed without prejudice. [Docket Item 37.]

opposition to each [Docket Items 28 & 29], and Defendants filed a reply [Docket Items 35 & 36].

Ms. Drake responded to Mr. Fisher's letter regarding the two pending cases by letter dated September 11, 2014. Ms. Drake explained that she only learned about the other action upon receipt of Mr. Fisher's August 28, 2014 letter and that Plaintiffs "neither retained Speights and Worrich nor authorized them to file a Complaint on their behalf." Ms. Drake stated that Shawn Wallach, Esq. at Speights & Worrich failed to return her calls, but Plaintiffs successfully contacted a paralegal at Speights & Worrich and directed the firm to cease work on their file. Ms. Drake clarified that Plaintiffs "intend to pursue all claims set forth under Civil Action No. 14-2064 (JBS-JS) and are represented in this action by Rachel B. Drake, Esq. Civil Action No. 14-3375 (WHW-CLW) was filed by Speights & Worrich, LLP without the knowledge or authorization of Plaintiffs."[5]

---

[5] On November 17, 2014, Plaintiffs submitted an affidavit signed by Christopher Brown stating that he "met with agents of Christopher Fife, Public Adjuster, and signed a retainer on February 24, 2014." [Docket Item 31.] However, Mr. Brown understood Fife to be "a public insurance adjuster" and Fife never told Mr. Brown that he was working for Speights & Worrich. Mr. Brown first learned of Speights & Worrich after Ms. Drake received State Farm's August 28, 2014 letter. Mr. Brown asserts that he never spoke or met with Antonio J. Smith, Esq. or Shawn J. Wallach, Esq., nor did he consent to dismissing claims against State Farm.

Shawn Wallach, Esq. of Speights & Worrich, LLP addressed their representation of Plaintiffs by letter dated September 12, 2014. Mr. Wallach represented that on or about February 24, 2014, Plaintiffs retained Speights & Worrich, LLP "with regard to Sandy damage," and the firm filed suit in state court on or about April 22, 2014. According to Mr. Wallach, Plaintiffs directed him to discontinue the case after State Farm filed a motion to dismiss. Mr. Wallach attached to his letter a retainer agreement electronically signed by Christopher Brown on February 24, 2012, emails from Mr. Brown enclosing claim documents, and telephone logs showing calls between the firm and Mr. Brown.[6]

### III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."

---

[6] Mr. Wallach also refuted Ms. Drake's claim that he failed to return her calls regarding this matter by attaching a separate telephone call log.

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

## IV.  DISCUSSION

### A.  State Farm's motion to dismiss

State Farm asserts that Plaintiffs' claims must be dismissed based on four arguments: (1) Plaintiffs' claims are barred by res judicata; (2) Plaintiffs failed to comply with the homeowners policy's one-year suit limitation provision; (3) State Farm did not issue Plaintiffs' flood insurance policy and there is thus no privity of contract between Plaintiffs and State Farm as to the flood insurance policy; and (4) Plaintiffs failed to comply with Rule 4(m), Fed. R. Civ. P. regarding timely service.

Because this matter implicates a standard homeowners policy, as well as a flood insurance policy purportedly issued by State Farm under the National Flood Insurance Program ("NFIP"), the Court begins with some background on the NFIP. "The NFIP is a federally supervised and guaranteed insurance program . . . administered by [FEMA] pursuant to the [National Flood Insurance Act of 1968] and its corresponding regulations." Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 (3d

10

Cir. 1998); see also C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 266 (3d Cir. 2004). "Congress created the program . . . to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance available on reasonable terms and conditions to those in need of it." Id. (internal quotation omitted).

In 1983, FEMA created the "Write Your Own" program under which "private insurance companies . . . write their own insurance policies." Id. Although FEMA may issue Standard Flood Insurance Policies ("SFIPs") directly, "more than 90% are written by WYO companies." C.E.R. 1988, 386 F.3d at 267. "[R]egardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." Van Holt, 163 F.3d at 165. WYO companies are fiscal agents of the United States, but not general agents. Id. "FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a [SFIP]." Id. at 165-66. Essentially, "the insurance companies serve as administrators for the federal program. It is the Government, not the companies, that pays the claims. And when a claimant sues for payment of a claim, the

responsibility for defending claims will be upon the Write Your Own Company and defense costs will be part of the claim expense allowance reimbursed by the government." <u>Residences at Bay Point Condo. Ass'n, Inc. v. Standard Fire Ins. Co.</u>, Civ. 13-02380 (FLW), 2013 WL 6252692, at *2 (D.N.J. Dec. 4, 2013) (internal quotation and alterations omitted).

The Court notes at the outset that, as a matter of law, Plaintiffs are mistaken as to the nature of their flood insurance policy. Because it is integral to and specifically relied upon in Plaintiffs' Complaint, the Court has considered the declarations page of a FEMA-issued flood insurance policy bearing the same policy number as that referenced in Plaintiffs' Complaint. (Fisher Decl., Ex. S [Docket Item 23-5.]) This document makes clear that Plaintiffs' flood insurance policy was not issued by State Farm as a WYO carrier, but by FEMA.[7] Moreover, it explains why Plaintiffs received a denial letter directly from FEMA. Because Plaintiffs' flood insurance policy was issued by FEMA, not State Farm, and they have failed to show that State Farm was a party to the contract or a third-party beneficiary, they must seek relief from FEMA. <u>See</u> <u>Doe v. Pennsylvania Bd. of Prob. & Parole</u>, 513 F.3d 95, 106 (3d Cir.

---

[7] State Farm notes in their reply brief that during an October 7, 2014 conference call with the Court Plaintiffs' counsel acknowledged that FEMA issued the flood policy. (State Farm Reply [Docket Item 35] at 11.)

12

2008). Based on allegations that State Farm was a WYO carrier under the NFIA, FEMA was terminated from this action automatically pursuant to the HSCMO, as explained above, and Plaintiffs did not move to reinstate claims against FEMA within the 30-day period provided in the HSCMO. Nevertheless, it is evident by the Government's filing of an answer on January 14, 2015 [Docket Item 47] that FEMA is a proper defendant in this action and the Court will direct the Clerk to reinstate FEMA on the docket.

The Court next turns to Plaintiffs' homeowners policy and finds that Plaintiffs' claims against State Farm are barred by the policy's limitation of suit provision. State Farm's alleged denial of Plaintiffs' claim under their homeowners policy is integral to Plaintiffs' breach of contract claim against State Farm. State Farm has provided a copy of Plaintiffs' policy, as well as a denial letter from State Farm dated January 7, 2013. Plaintiffs' homeowners policy explicitly states that a suit against State Farm "must be started within one year after the date of loss or damage." (Reid Decl., Ex. A at 14.) There is no question that a one-year statute of limitations provision in an insurance contract is enforceable under New Jersey law. See Gahnney v. State Farm Ins. Co., 56 F. Supp. 2d 491, 495 (D.N.J. 1999).

13

It is well-settled under New Jersey law that the limitations period begins to run on the date of the casualty, but it is tolled "from the time an insured gives notice until liability is formally declined." Peloso v. Hartford Fire Ins. Co., 56 N.J. 514, 521 (1970); Solomon Lieberman & Chevra Lomdei Torah v. Interstate Fire & Cas. Co., 768 F.2d 81, 82 (3d Cir. 1985). State Farm issued a formal denial letter to Plaintiffs dated January 7, 2013. The letter states the following:

> Based upon the results of our discussion, site inspection, and investigation, it was determined that flood and/or surface water caused damage to your property. Damage caused by flood and/or surface water is not covered by your policy.

(Reid Decl., Ex. E [Docket Item 23-11] at 1.) The letter then quotes the relevant homeowners policy provisions regarding "losses not insured," as well as the "Suit Against Us" provision containing the one-year limitations language.

Even if the limitations period commenced on January 7, 2013, the date of the formal denial letter from State Farm, irrespective of any tolling, Plaintiffs' Complaint, filed April 1, 2014, would still be untimely by nearly three months. Plaintiffs contend that the limitations period remains tolled because State Farm has not rendered a decision on all claims previously submitted. However, this argument is belied by the January 7, 2013 letter unambiguously denying Plaintiffs' homeowners' policy claims. Therefore, the plain language of

Plaintiffs' homeowner policy requires dismissal of Plaintiffs' claims against State Farm.[8]

### B. Colonial's motion to dismiss

Colonial argues that Plaintiffs' claims against it for breach of contract and breach of fiduciary duty regarding Plaintiffs' flood insurance claims must be dismissed because they are preempted by federal law. In response, Plaintiffs contend that Colonial, through their employee, Paul Neier, was an agent of the NFIP, assigned to process Plaintiffs' insurance claims under the terms of Plaintiffs' flood policy. Neier's alleged failure to abide by the terms of the NFIP policy caused Colonial to breach the contract between Plaintiffs and NFIP. It appears undisputed, and therefore this Court assumes, that Colonial was only involved in adjusting claims under the flood insurance policy.

It is clear that Plaintiffs' state law claim for breach of fiduciary duty in a WYO case is preempted by the NFIA. C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 268 (3d Cir. 2004) ("The reasoning of our decision in [Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161 (3d Cir. 1998)] compels the

---

[8] Because the Court finds that Plaintiffs' claims against State Farm must be dismissed for lack of privity and failure to comply with the policy's limitations period, the Court need not address State Farm's arguments regarding res judicata and timely service.

conclusion that state-law claims are preempted by the NFIA."); Pepe v. Fid. Nat. Prop. & Cas. Ins. Co., Civ. 11-3746 (JEI), 2011 WL 4916290, at *3 (D.N.J. Oct. 17, 2011) ("[E]xtra-contractual and negligence claims are barred against all persons involved in the claims adjustment process, including the WYO company."); Sutor v. F.E.M.A., Civ. 06-1371, 2009 WL 2004375, at *4 (E.D. Pa. July 9, 2009) ("[T]he NFIA preempts state law claims that are based on the handling and disposition of SFIP claims.").

Moreover, FEMA is the only proper defendant in this action as to Plaintiffs' breach of contract claim based on the flood insurance policy. As discussed above, despite Plaintiffs' allegations to the contrary, it is apparent that this is not a case involving a WYO carrier. Instead, FEMA issued the flood policy directly to Plaintiffs which forms the basis of their breach of contract claim.

The plain language of the NFIA permits suits against FEMA upon the improper denial of claims under a SFIP.[9] 42 U.S.C. §

---

[9] 42 U.S.C. § 4072 provides in pertinent part:
   In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the

16

4072; Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d at 166. "By contrast, there is no provision in the NFIA or FEMA regulations that permits policyholders to sue independent adjusters for claims arising from the handling of SFIPs." Sutor, 2009 WL 2004375, at *6; see also Pepe, 2011 WL 4916290, at *3. As the Sutor court observed, this reading of the statutory language, which does not permit claims against adjusters, is buttressed by traditional insurance law principles. See 3 Couch on Ins. § 48:64 (3d ed.) (noting that adjuster's acts will be imputed to his or her principal and the actions can be challenged, and that "an insured cannot maintain an action against the insurance adjuster for breach of contract or breach of fiduciary duty" because "[a]n insured is not a third-party beneficiary to a contract between an insurer and an independent insurance adjuster hired by the insurer to investigate a loss, and an insurer's assignment of the independent adjuster to adjust the insured's claim does not create a fiduciary relationship between the insured and the adjuster."). Plaintiffs have identified no authority to the contrary. As Plaintiffs'

---

      Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.

17

claims clearly arise from the allegedly improper adjustment of claims under a SFIP issued by FEMA, the only proper defendant in this action regarding flood insurance claims is FEMA, and any breach by the flood-insurance claim adjuster with regard to the flood insurance claims process is attributable to FEMA. Therefore, the Court will grant Colonial's motion to dismiss all claims against it arising from Plaintiffs' flood insurance policy.

## V.   CONCLUSION

In light of the foregoing, the Court will grant the motions to dismiss by both State Farm and Colonial. FEMA shall be reinstated upon the docket as a defendant and the case for flood insurance benefits may proceed against FEMA. An accompanying Order will be entered.

 **March 12, 2015**                                    **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       Chief U.S. District Judge